UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                        Case # 16-CR-93-FPG-HKS-1

v.

                        DECISION AND ORDER

ARTHUR JORDAN,

        Defendant.

## INTRODUCTION

On July 15, 2016, the United States of America filed a Criminal Complaint alleging that Defendant Arthur Jordan knowingly and willfully transmitted a threat in interstate and foreign commerce in violation of 18 U.S.C. § 875(c) when he placed the following post on Facebook: "Lets Start Killin Police Lets See How Dey Like It." ECF No. 1. On August 3, 2016, the Grand Jury returned an Indictment charging Jordan with the same crime. ECF No. 6. The same day, the case was referred to Magistrate Judge H. Kenneth Schroeder, Jr., for pre-trial matters and dispositive motions. ECF No. 7.

On September 27, 2016, Jordan moved to dismiss the Indictment. ECF No. 10. He also moved to suppress the following: two Facebook posts, including the one referenced above; a gun found on his person when he was stopped, searched, and arrested by police officers; statements made to police officers immediately following his arrest; statements made to FBI agents the day after his arrest; and the fruits of a Facebook search warrant executed after Jordan spoke with the FBI. *Id.* Judge Schroeder then held a suppression hearing and issued a report and recommendation ("R&R") (ECF No. 32) to which the Government and Jordan have objected. ECF Nos. 35-36, 39-40. For the reasons that follow, the Court adopts Judge Schroeder's R&R, Defendant Arthur

Jordan's Motion to Dismiss the Indictment and Motion to Suppress the Facebook posts and statements to the FBI are DENIED, and his Motion to Suppress the search of his person and the statements made to the police officers immediately following his arrest is GRANTED.

The Court assumes the parties' familiarity with the background facts of this case given Judge Schroeder's thorough recitation of the facts in his R&R.

## LEGAL STANDARD

A district court reviews those portions of an R&R to which a party has timely objected *de novo*. Fed. R. Crim. P. 59(b)(3). When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) (citing *Cullen v. United States*, 194 F.3d 401, 405-07 (2d Cir. 1999)); *see also* Fed. R. Crim. P. 59(b)(2); Loc. R. Crim. P. 59(c)(2) ("Written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority.").

After reviewing the R&R and the objections thereto, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3). A district court will ordinarily accept the credibility findings of a magistrate judge when she holds an evidentiary hearing and makes credibility findings. *United States v. Lawson*, 961 F. Supp. 2d 496, 500 (W.D.N.Y. 2013) (citing *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008)). Conversely, a district judge should not reject the credibility findings of a magistrate judge without holding her own evidentiary hearing. *Carrion*, 549 F.3d at 588.

**DISCUSSION**

I. **Motion to Dismiss the Indictment**

Judge Schroeder recommends that the Court deny Jordan's Motion to Dismiss the Indictment after considering three arguments in support of Jordan's motion: (1) Jordan's Facebook posts did not constitute a "true threat" under 18 U.S.C. § 875(c); (2) 18 U.S.C. § 875(c) is overbroad in violation of the First Amendment; (3) 18 U.S.C. § 875(c) is unconstitutionally vague. ECF No. 10 at 14-18. The Court reviews Judge Schroeder's recommendation in each context below.

    a. **True Threat**

Judge Schroeder recommends that a jury should determine whether Jordan's Facebook posts constituted a "true threat" based on Second Circuit law. ECF No. 32 at 13-17. Specifically, Judge Schroeder notes that only a jury can properly conclude whether Jordan's alleged threat is a "true threat" and whether the Indictment is facially sufficient. *Id.* Jordan argues that Judge Schroeder should have determined as a matter of law whether Jordan's actions constituted a "true threat" because he had all the facts before him that a jury would review. ECF No. 36 at 5-6. Jordan does not argue that the Indictment is facially insufficient. *Id.*

Jordan's arguments do not persuade the Court. The law of the Second Circuit is clear: a jury, not the Court, should determine whether an alleged threat is a "true threat." *See United States v. Wright-Darrisaw*, 781 F.3d 35, 39 (2d Cir. 2015). Additionally, without a stipulation or proffer, the Court cannot conclude that Judge Schroeder reviewed all of the evidence that a jury would consider in this case. Accordingly, the Court adopts Judge Schroeder's recommendation.

### b. Overbroad

Jordan failed to object to Judge Schroeder's recommendation that this Court deny his Motion to Dismiss the Indictment because 18 U.S.C. § 875(c) is overbroad. The Court finds no clear error in Judge Schroeder's recommendation and adopts it accordingly.

### c. Vague

In his R&R, Judge Schroeder concludes that 18 U.S.C. § 875(c) is not unconstitutionally vague because Courts have narrowly defined what constitutes a "true threat." More importantly, Judge Schroeder notes that the narrow definition of "true threat" makes 18 U.S.C. § 875(c) constitutionally valid. *See United States v. Sutcliffe*, 505 F.3d 944, 953 (9th Cir. 2007) (citing *Boos v. Barry*, 485 U.S. 312, 329-30 (1988)). Jordan argues that the statute invites conjecture and speculation that the Supreme Court rejected in a different statutory context. *Johnson v. United States*, 135 S. Ct. 2551, 2555 (2015).

Jordan's argument is unconvincing. Jordan himself noted that the cases Judge Schroeder relied on "concededly articulate a judicial narrowing of [18 U.S.C. § 875(c)]," that "[t]he Second Circuit has taken a notably narrow view of what constitutes a true threat," and that the definition of a "true threat" is "tightly circumscribed." ECF No. 36 at 2-3. As stated above, the fact that "true threat" is narrowly defined makes 18 U.S.C. § 875(c) constitutionally permissible. Jordan fails to argue how 18 U.S.C. § 875(c) is unconstitutionally vague despite the narrow definition of "true threat." Consequently, the Court adopts Judge Schroeder's recommendation.

## II. Motion to Suppress

Judge Schroeder next recommends that the Court deny Jordan's Motion to Suppress the Facebook posts, his post-arrest statements to the FBI on the day following his arrest, and evidence obtained from the search of his Facebook account pursuant to a search warrant, and grant Jordan's

4

motion regarding the fruits of the search of his person, specifically, the seizure of a firearm, and the post-arrest statements he made to police officers immediately after his arrest. The Court addresses each category of evidence below.

### a. Facebook Posts

Jordan failed to object to Judge Schroeder's recommendation that this Court deny his Motion to Suppress the Facebook posts. The Court finds no clear error in Judge Schroeder's recommendation and adopts it accordingly.

### b. Post-Arrest Statements to the FBI

Jordan puts forth three arguments against Judge Schroeder's recommendation denying the Motion to Suppress statements made to the FBI on the day following the Defendant's arrest. First, he argues that Judge Schroeder failed to note that Jordan was held in the Buffalo Police Department overnight and rendered "incommunicado." ECF No. 36 at 8. The argument does not controvert Judge Schroeder's recommendation. The factors outlined in *Brown v. Illinois* contemplate the "temporal proximity of the arrest and the confession." 422 U.S. 590, 603-04 (1975). Jordan provides no legal authority to show why the context of the elapsed time—held overnight without communication—matters.

Next, Jordan states that Judge Schroeder ignored the most important *Brown* factor: the flagrancy of the official misconduct. ECF No. 36 at 8. The Court disagrees. Judge Schroeder notes that the day after his arrest Jordan no longer felt "the immediate effects of the pepper spray" when he met with the FBI. ECF No. 32 at 31. Considering the effects of the pepper spray on Jordan shows that Judge Schroeder weighed the flagrancy of the official misconduct.

Finally, Jordan argues that the passage of time is arguably either an aggravating or attenuating factor. ECF No. 36 at 8. Again, without legal authority to support his argument, the

5

Court fails to see how Judge Schroeder's consideration of a factor outlined in the *Brown* analysis—the temporal proximity of the arrest and the confession—could cut against his recommendation. The Court thus adopts it.

### c. Facebook Search Warrant

Jordan argues against Judge Schroeder's recommendation first by stating that the "facts cited by Judge Schroeder are not incriminating." ECF No. 36 at 9. Incriminating facts, however, do not determine whether probable cause exists to support a search warrant. The proper standard is whether a "reasonably prudent person [would] think that a search would reveal contraband or evidence of a crime" given the totality of the circumstances and all of the available facts "viewed through the lens of common sense." *Florida v. Harris*, 568 U.S. 237, 248 (2013). Jordan's factual arguments are also meritless. Whether he authored the Facebook post naming "Fitz" is irrelevant. He shared the post on his Facebook account, thereby endorsing it. Finally, Jordan's father confirmed that Jordan wrote one post and shared the other. Whether the information was innocuous or not, it tied Jordan to the Facebook account that posted the alleged threat. Judge Schroeder found that the totality of the circumstances established probable cause to support the search warrant. Jordan's arguments provide no basis to deny the recommendation. Accordingly, the Court adopts it.

### d. Search of Jordan's Person

Although Judge Schroeder finds that the police officers' initial stop of Jordan was justified, he rules that the subsequent search of Jordan's person was illegal. Jordan objects to Judge Schroeder's former recommendation and the Government objects to the latter.

Jordan argues that the police lacked reasonable suspicion to stop him because information conveyed by the FBI indicated that they knew only of the Facebook posts and that a week passed

between the posts and the encounter between Jordan and the police. Additionally, he argues that the police officers, through previous contacts, knew Jordan as cordial, polite, compliant, and they had never found contraband on him.

Jordan misstates the basis of the FBI's reasonable suspicion. The FBI knew of the Facebook posts, and it also concluded that Jordan was affiliated with a gang. *See* ECF No. 32 at 23. Moreover, Judge Schroeder addressed and dismissed the argument that a week passing between the posts and the stop erased the FBI's reasonable suspicion. *Id.* Jordan provides no legal authority or additional facts to persuade the Court to reconsider Judge Schroeder's analysis. Finally, the police officers' knowledge of Jordan's demeanor is irrelevant. They had reasonable suspicion via the FBI, and the FBI formed its reasonable suspicion based on Jordan's posts and his alleged gang affiliations. Since Jordan fails to challenge the FBI's reasonable suspicion, the Court adopts Judge Schroeder's recommendation.

Next, the Court turns to the subsequent search of Jordan's person. The Government argues that Judge Schroeder improperly discounted several factors: Jordan's reaction to the police officers, his body position, the police officers' familiarity with Jordan, and the behavior of Jordan's associates. *See* ECF No. 35. Jordan counters that Judge Schroeder considered the testimony of the police officers, the videos that recorded the interactions between the police, Jordan, and his associates, and the totality of the circumstances surrounding those interactions, and he concluded that the police officers lacked reasonable suspicion to search Jordan's person for weapons. *See* ECF No. 39.

Jordan's argument is persuasive. It is evident from Judge Schroeder's R&R that he weighed the police officers' testimony, reviewed the videos of the interaction, and made his own credibility findings, which were largely contrary to the police officers' version of the events

7

leading to the Defendant's arrest.  He specifically notes the following: the police officers knew Jordan as cordial and unlikely to possess weapons or contraband (ECF No. 32 at 25); Jordan and his associates walked casually into the store, and were not acting suspiciously as alleged by the police officers in their testimony (*id.*); the nervous behavior of Jordan's associates was justified given the tactical approach of four police officers (*id.* at 26); and, while standing against the counter, Jordan took no actions that would support reasonable suspicion that he possessed a weapon (*id.*).  Judge Schroeder considered all the factors noted by the Government in its objection to the R&R.  The Court cannot and will not substitute Judge Schroeder's determination of the credibility of the testimony which led him to conclude that the police officers lacked reasonable suspicion to search Jordan's person for weapons.  *See Carrion*, 549 F.3d at 588.  The Court thus finds no reason to hold its own evidentiary hearing and adopts Judge Schroeder's recommendation to suppress the firearm discovered during the arrest and seizure of the Defendant.

     **e.  Post-Arrest Statements to the Police Officers**

  The Government failed to specifically object to Judge Schroeder's recommendation that this Court grant Jordan's Motion to Suppress the post-arrest statements he made to the police officers immediately after his arrest.  *See* ECF No. 35 at 11 n.2.  The Court finds no clear error in Judge Schroeder's recommendation and adopts it accordingly.

**CONCLUSION**

For the foregoing reasons, the Court adopts Judge Schroeder's R&R (ECF No. 32) in its entirety. Defendant Arthur Jordan's Motion to Dismiss the Indictment and Motion to Suppress the Facebook posts and statements to the FBI (ECF No. 10) are DENIED, and his Motion to Suppress the search of his person, the seizure of the firearm, and statements made to the police officers immediately following his arrest (*id.*) is GRANTED.

IT IS SO ORDERED.

Dated: October 24, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court